Filed this 7th Day of August, 2017 Open Court

_RK_

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 17-42-RGA |
| | ) | 17-51-RGA |
| TAE H. KIM, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OF PLEA AGREEMENT</u>**

Pursuant to discussions between the United States of America, by and through its attorneys, David C. Weiss, Acting United States Attorney for the District of Delaware, and Robert F. Kravetz and Jennifer L. Hall, Assistant United States Attorneys, and the Defendant, Tae H. Kim ("Defendant"), by and through his attorney, John Deckers, Esq., the following agreement is hereby entered into by the respective parties in accordance with Federal Rule of Criminal Procedure 11:

1. By this Plea Agreement, the Defendant agrees:

   A. to waive indictment and enter a voluntary plea of guilty to Count One of the Superseding Information filed in Case No. 17-51-RGA in the United States District Court for the District of Delaware, which charges him with Conspiracy to Commit an Offense Against the United States, to wit, Bank Fraud, in violation of 18 U.S.C. §§ 1349 and 1344 (the "Delaware Information"); and

   B. to enter a voluntary plea of guilty pursuant to Rule 20 of the Federal Rules of Criminal Procedure to Count One of the Information filed in Case No. 17-42-RGA-MJG in the District of Maryland, which charges him with Attempted Bank Fraud, in violation of 18 U.S.C. § 1344 (the "Maryland Information").

2. The Defendant understands that Count One of the Delaware Information and Count One of the Maryland Information each carry the following maximum statutory penalties: thirty (30) years of imprisonment; a $1,000,000.00 fine; five (5) years of supervised release; and a $100 special assessment.

3. The Defendant understands that if he were to proceed to trial on Count One of the Delaware Information or on Count One of the Maryland Information, the United States would have to prove beyond a reasonable doubt the following elements of each offense to which he is pleading guilty, that is:

   A. for the Delaware Information, that (1) two or more persons agreed to commit an offense against the United States, to wit, Bank Fraud; (2) the Defendant was a party to or member of that agreement; and (3) the Defendant joined the agreement or conspiracy knowing of its objective to commit an offense against the United States.

   B. for the Maryland Information, that (1) the Defendant knowingly executed or attempt to execute a scheme or artifice to defraud a financial institution or to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises; and (2) the financial institution was insured by the Federal Deposit Insurance Corporation.

The Defendant represents that he is pleading guilty to Count One of the Delaware Information and Count One of the Maryland Information because he is, in fact, guilty of each offense.

4. Provided that the United States does not subsequently learn of conduct by the Defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the Defendant's timely guilty pleas, it will not oppose a two-level reduction in the

Offense Level for the Defendant's affirmative acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a). Further, should it be determined that the Defendant's Offense Level, prior to the application of the aforementioned two-level reduction, is Level 16 or greater, the United States agrees to move for the reduction of the Offense Level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), for a total reduction of three levels.

5. The Defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. The Defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The District Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The Defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, or otherwise different than the Defendant expected, or contrary to the recommendation of his attorney or the United States, the Defendant will not be allowed to withdraw his guilty plea on that basis.

6. The United States explicitly retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the District Court at any subsequent proceeding.

7. This Memorandum expressly incorporates Attachment A, which is attached hereto and filed under seal. The government routinely files such an attachment, even though it may or may not contain additional terms. To the extent, however, that Attachment A contains additional terms, the parties acknowledge and agree to be bound by those terms.

8. The Defendant agrees to pay the Special Assessment of $200 at the time of sentencing. If the Court orders the payment of any fine as part of the Defendant's sentence, and if the Defendant

is sentenced to a term of incarceration, the Defendant agrees voluntarily to enter the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the Defendant's prison salary and apply it on the Defendant's behalf to the payment of the outstanding debt ordered.

9. The Defendant agrees to forfeit all interests in any and all property involved in the offenses charged in the Delaware Information and the Maryland Information, including but not limited to:

- a 2009 BMW, 528i, black in color, PA Registration JSE1987, VIN#WBANV13589C152685; and
- a money judgment in the amount of $60,000.00.

The Defendant further agrees to waive all interest in any such assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted. Pursuant to Rule 32.2(b)(3), the Defendant will promptly consent to the preliminary order of forfeiture becoming final as to the Defendant before sentencing if requested by the government to do so.

10. The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps as requested by the United

States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, and/or property involved in illegal conduct giving rise to forfeiture.

11.    The defendant agrees that he is responsible to pay restitution as ordered by the Court. In order to facilitate the collection of financial obligations, including restitution, to be imposed in connection with this prosecution:

a) The defendant agrees to fully disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those assets held by a spouse, nominee, or other third party. No later than thirty (30) days subsequent to the defendant's change of plea hearing, the defendant will submit a completed sworn financial statement ("Financial Statement") to the United States Probation Office ("USPO"), in the form the USPO provides and as it directs. The defendant will also provide to the USPO any supporting documentation in the defendant's possession, custody, or control (including banking and brokerage records) for the disclosures set forth in the Financial Statement, as directed by the USPO. The Financial Statement, disclosures, and supporting documentation will be complete and truthful.

b) Upon receipt of the Financial Statement, the USPO shall disclose the Financial Statement and supporting documentation to counsel for the government and/or provide to the government any additional supporting documentation beyond that provided to the USPO in the defendant's possession, custody, or control (including banking and brokerage records) for the disclosures set forth in the Financial Statement, as directed by the government, and/or to supplement the Financial Statement if the government deems it incomplete. The defendant agrees that, at the discretion of the government, the defendant will participate in a deposition in aid of

collection of restitution, which may occur any time between the entry of the guilty plea and entry of judgment.

c) Should the defendant fail to provide complete, accurate, timely and truthful financial information as set forth above, the government, in its sole discretion, may deem such conduct inconsistent with the acceptance of responsibility and may do any or all of the following: (i) oppose any reduction in the defendant's Offense Level, pursuant to Sentencing Guideline Section 3E1.1(a); (ii) seek an enhancement of the defendant's sentence for obstruction of justice under Sentencing Guideline Section 3C1.1; (iii) file a motion for upward variance from the otherwise applicable Sentencing Guideline range; (iv) seek an order compelling production of the financial information; and/or (v) void this Plea Agreement in its entirety.

12. The Defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including, but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. § 2255. Notwithstanding the foregoing, the Defendant reserves his right: (1) to file an appeal or other collateral motion on the grounds that he received ineffective assistance of counsel; and (2) to appeal his sentence if: (a) the government appeals from the sentence, (b) the Defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code, or (c) the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines.

13. The Defendant further agrees not to become or continue serving as an officer, director, employee, or institution-affiliated party, as defined in 12 U.S.C. §§ 1813(u) and 1818(b)(3) (the Federal Deposit Insurance Act, as amended), or participate in any manner in the conduct of the affairs of any institution or agency specified in 12 U.S.C. § 1818(e)(7)(A), without the prior

approval of the appropriate federal financial institution regulatory agency, as defined in 12 U.S.C. § 1818(e)(7)(D).

14. It is further agreed by the undersigned parties that this Memorandum – together with sealed Attachment A – supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

|  | DAVID C. WEISS<br>Acting United States Attorney<br>District of Delaware |
|---|---|
| _____<br>Tae H. Kim<br>Defendant | By: _____<br>Robert F. Kravetz<br>Assistant United States Attorney |
| _____<br>John Deckers<br>Attorney for Defendant | _____<br>Jennifer L. Hall<br>Assistant United States Attorney |

Dated: August 7, 2017

AND NOW, this  7th  day of  August , 2017, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE RICHARD G. ANDREWS
United States District Judge
District of Delaware